IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                       Plaintiff,

       v.

JOHN E. PAUL,

                       Defendant.

ORDER

08-cv-707-bbc

07-cr-79-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John E. Paul has moved for vacation of his sentence under 28 U.S.C. § 2255, contending that he was denied the effective assistance of counsel during his criminal proceedings. He alleges that his counsel (1) failed to advise the court that defendant did not have a prior conviction for fleeing an officer; (2) failed to object to the government's argument that defendant's criminal history did not over-represent the likelihood that defendant would continue to commit crimes; (3) failed to object to the court's statement that defendant had been on probation at the time he committed the offense for which he was being sentenced; and (4) failed to include in the appeal from defendant's sentence a challenge to the sentencing court's determination that defendant was not entitled to a

1

downward departure because his criminal history over-represented the likelihood that he would re-offend.

To succeed on a claim of constitutionally ineffective assistance of counsel, a defendant must show both that his counsel's representation of him fell below an objective standard of reasonableness and that there is a reasonable probability that but for the unprofessional errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). If defendant is correct that he advised his attorney that he had not been convicted of fleeing an officer and had been discharged from probation before he committed the crimes for which he was charged in this case and if his attorney did not investigate the allegedly inaccurate information in the presentence report, his failure to do so would be objectively unreasonable representation. It would also be a failure that would have affected the outcome of the proceeding. It seems certain that defendant would have had a lower sentence had his criminal history not included the fleeing from an officer conviction and had he not committed these crimes while on probation.

It is troubling however that defendant never said anything in court about the inclusion in the presentence report of the fleeing from an officer conviction and the increase in his criminal history score resulting from committing crimes while on probation. He had ample opportunity to do so. The fact that he did not makes me somewhat dubious about the accuracy of his allegations. Therefore, before setting this matter for an evidentiary

2

hearing, I will require defendant to submit an affidavit in which he sets forth exactly what he told his counsel about the fleeing from an officer conviction and the date on which his probation expired, when he told his counsel these things and where he was when he did so and whether anyone else was present.

If defendant files such an affidavit, I will then give the government an opportunity to obtain from defendant's counsel an affidavit of his own in response. If counsel agrees that defendant told him about the prior conviction and the expiration of the probation sentence and counsel investigated those matters and found that the presentence report was correct, I will probably deny defendant's motion. In that circumstance, counsel would have had no obligation to object to the criminal history score as over-representing defendant's criminal history (and good reason not to dwell on the issue) and no obligation to raise the issue on appeal. Arguing the issue would have made no difference to my determination that defendant's criminal history score was an accurate representation of his likelihood to commit further crimes and arguing it on appeal would have been futile. It would be extraordinary for the court of appeals to overrule a sentencing court's decision not to vary downward because of the defendant's criminal history.

If defendant's counsel denies that defendant said anything to him about the previous conviction and probation, then the affidavits would be in conflict. In that case, it may be necessary to hold an evidentiary hearing to determine the truth of defendant's averments.

3

ORDER

IT IS ORDERED that defendant John E. Paul may have until February 25, 2009, in which to file an affidavit in conformance with this order. If defendant files such an affidavit, the government may have until March 18, 2009, to submit an affidavit from defendant's counsel addressing what, if anything, defendant told him and what steps he took to verify any information he received.

Entered this 3d day of February, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge