IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                         OPINION AND ORDER

             Plaintiff,

                                         07-cr-79-bbc

     v.                                        08-cv-707-bbc

JOHN E. PAUL,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John E. Paul has moved for re-sentencing under 28 U.S.C. § 2255, contending that his counsel failed in four respects to provide effective assistance during his prosecution and sentencing: Counsel failed to advise the court that defendant did not have a prior conviction for fleeing an officer; counsel failed to object to the government's argument that defendant's criminal history did not overstate the likelihood that he would continue to commit crimes, although the Assistant United States Attorney had stated that he would not make any sentencing recommendations to the court; counsel failed to object to the court's statement that defendant had been on probation at the time he committed the crimes for which he was being sentenced; and appellate counsel failed to meet with him before filing his appeal and did not challenge the sentencing court's determination that

1

defendant was not entitled to a downward departure because his criminal history over-represented his likelihood of re-offending.

Defendant was charged on May 10, 2007 with 25 counts of wire fraud in violation of 18 U.S.C. § 1343, for fraudulently listing coins for sale on E-Bay's online auction between about May 1, 2006 and December 28, 2006. He was represented by the federal defender. He pleaded guilty on September 19, 2007, under a plea agreement that contained among other things a provision in which the parties agreed that their plea discussions were not part of the agreement and that defendant should not rely upon the possibility of a particular sentence on the basis of any discussions between defense counsel and the government.

The presentence report contained information that defendant had been convicted in state court of fleeing an officer, but that his sentence had been withheld, and that he had been on probation for this offense through December 31, 2006. Defendant filed no objections to this information. He did however argue that his criminal history category overrepresented the likelihood that he would commit future crimes. Defendant was sentenced on December 5, 2007. At the sentencing hearing, he was asked whether he had read the presentence report and the addendum and he said he had. He was asked whether he believed that anything in the report was incorrect and he said he had no objections beyond those raised by his counsel. With representation by the federal defender, defendant appealed from his sentence, arguing only the lawfulness of the condition of supervision

2

requiring him to submit to drug testing on a regular basis. His appeal was denied.

After defendant filed this motion, I directed him to file an affidavit setting forth "exactly what he told his counsel about his fleeing from an officer conviction and the date on which his probation expired, when he told his counsel these things and where he was when he did so and whether anyone else was present." Feb. 3 2007 Order, dkt. #4, at 3.

In response to the court's directive, defendant filed an affidavit dated February 23, 2009, in which he swore that he told his counsel that he had not been convicted of fleeing an officer and that he had been released early from probation and that he told counsel again after he had received a copy of the presentence report and assumed that they would investigate the inaccurate matters. He did not say where he was when he told counsel these things, what day or time it was or whether anyone else was present. He swore that he had been released from probation supervision sometime in April 2006.

On March 17, 2009, the government filed its own affidavit of Assistant United States Attorney Grant Johnson, accompanied by two documents. One is an official record of the Wisconsin Department of Corrections showing that defendant was released from probation on December 30, 2006 and one is a certified copy of a judgment and conviction showing that defendant entered a plea of no contest to a charge of fleeing an officer in violation of Wis. Stat. § 346.04(2t). Although defendant had an opportunity to rebut these documents, he has not submitted anything to suggest that they are inaccurate, other than his own

3

assertions to the contrary.

I do not question the strength of defendant's beliefs that he was never convicted of fleeing an officer and that he received early release from supervision, although he is wrong about both. I suspect that he may be confused about the conviction because he did not receive a sentence on that particular charge. It appears that he was charged with five offenses, one of which was fleeing an officer. He pleaded guilty to all five but was sentenced only on one count of driving while intoxicated. The state court withheld sentencing on the remaining four counts. Defendant may think that the withholding of sentence is the same as no conviction, but it is not.

As to the date of his release from probation defendant says that his agent told him in January 2006 that he "would be released" in 90 days, that he paid his supervision fees through April 2006, and that he made his last check-in that month. Def.'s Aff., dkt. #6. Because the Department of Corrections document shows that defendant was officially released from supervision on December 30, 2006, it appears that what defendant believes was his official release in April was in actuality his release from direct supervision and reporting requirements.

Unfortunately for defendant, the existence of the official documents leaves him with no argument for post conviction relief or even for an evidentiary hearing. It was hardly ineffectiveness for counsel to refrain from telling the court that defendant had no prior

4

conviction for fleeing an officer when the fact was otherwise. It was not ineffectiveness for counsel to refrain from objecting to the court's statement that defendant had been on probation at the time he committed the crime, when this was an accurate statement. Certainly, it was not ineffectiveness for counsel to decide not to argue at sentencing or on appeal that defendant's criminal history was overstated. How could counsel construct a plausible argument to that effect when the facts were that defendant had been on probation throughout the time he was committing the offenses charged against him and had been convicted of fleeing an officer?

That leaves only one issue, which is whether the government breached the plea agreement when Assistant United States Attorney Johnson argued that defendant's criminal history was not overstated. Defendant asserts that the government agreed not to make any recommendation about sentencing, but nothing in the plea agreement supports his assertion. Defendant cannot rely on something the prosecutor said that was not memorialized in the plea agreement because he is bound by the statement he made at the plea hearing that the government had made no promises to him other than those contained in the plea agreement. In any event, the prosecutor never made any recommendation on sentencing to the court; he merely argued that the criminal history was not overstated.

ORDER

IT IS ORDERED that defendant John E. Paul's motion for post conviction relief

5

under 28 U.S.C. § 2255 is DENIED.

    Entered this 20th day of March, 2009.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge